IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LORIELLE IGLEHART, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:13-cv-131 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER ON
## DEFENDANT'S MOTION FOR ATTORNEYS' FEES (DKT. 17)

Pending before the court is Defendant's Motion for Award of Attorneys Fees and Costs and Brief in Support (Dkt. 17). Plaintiff did not file a response to the motion, and therefore the court considers the motion unopposed.[1] For the reasons set forth herein, Defendant's Motion (Dkt. 17) is **GRANTED**.

### I. BACKGROUND

On or about January 17, 2012, Plaintiff purchased the property at 2112 Willow Creek Drive, Little Elm, Denton County, Texas 75068. In executing the mortgage, Plaintiff signed a Promissory Note and Deed of Trust. The Deed of Trust (Dkt. 5-1) designated "PrimeLending, a PlainsCapital Company" as the "Lender." The Deed of Trust explains that the term "Lender" "includes any holder of the Note who is entitled to receive payments under the Note."[2] The Deed of Trust also names Mortgage Electronic Registration Systems, Inc. (MERS), "nominee for Lender and Lender's successors and assigns," as the "beneficiary under this Security Instrument."[3]

---

[1] *See* E.D. TEX. CIV. R. CV-7(d).
[2] Dkt. 5-1 at 2.
[3] *Id.*

1

Plaintiff admits she fell behind on her mortgage payments.[4] She alleges that she then contacted Defendant Wells Fargo and asked for assistance in making her mortgage payments. Plaintiff has not stated when she fell behind on her payments. Plaintiff claims that while she was "in discussions regarding loan assistance" with Wells Fargo on January 25, 2013, she received notice from the substitute trustee indicating that she had thirty days to "dispute the debt" and contends that she did dispute the debt, but Plaintiff does not provide any specific factual allegations regarding the notice, what actions she took to "dispute the debt," or her "discussions regarding loan assistance." MERS assigned its interest in the Deed of Trust to Wells Fargo on August 29, 2012.[5] Wells Fargo initiated foreclosure proceedings, and the property was scheduled to be sold at a foreclosure sale on March 5, 2013. Plaintiff filed her original petition in the state court on March 4, 2013.[6]

Defendant removed the case to this court on March 12, 2013 and filed its Motion to Dismiss (Dkt. 5) on March 28, 2013. Plaintiff responded on April 30, 2013 (Dkt. 9). The court granted Defendant's Motion to Dismiss on March 31, 2014 (Dkt. 15) and entered a final judgment dismissing Plaintiff's claims with prejudice (Dkt. 16). Subsequently, Defendant timely filed the instant motion on April 11, 2014.[7] Plaintiff did not file a response.

---

[4] Pet. ¶ 10.
[5] Dkt. 5-2.
[6] Dkt. 1-4.
[7] See FED. R. CIV. P. 54(d)(2)(B)(i).

## II. LEGAL STANDARD

"Under Texas law, attorney's fees are recoverable as a cost of collection only if authorized by statute or contract."[8] "The language of the contract and the nature of the claim are the dispositive factors concerning whether the fees are an element of damages or collateral litigation costs."[9]

In determining the amount of a reasonable attorney's fee, the court employs a two-step process. First, the court determines the "lodestar," which is the reasonable number of hours expended on a case multiplied by the reasonable hourly rates for the litigating attorneys.[10] It is a plaintiff's burden to show the reasonableness of the hours billed and to prove he exercised billing judgment. "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant."[11] When a plaintiff fails to include evidence of billing judgment, a court should reduce the fee award by a percentage accordingly.[12]

Second, the court determines whether the lodestar amount should be adjusted up or down by looking at the twelve factors delineated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience,

---
[8] *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1037 (5th Cir. 2014).
[9] *Id.* at 1039.
[10] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995).
[11] *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006).
[12] *Id.*

reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[13] The most important factor in determining reasonableness of a fee "is the degree of success obtained."[14] "'The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'"[15] The burden to prove reasonableness of the requested fees lies with the party seeking the award.[16]

### III. ANALYSIS

Defendant argues that it is entitled to recover its attorneys' fees and costs incurred in defending Plaintiff's claims under the terms of the Deed of Trust Plaintiff signed in relation to her mortgage. Section 9 of the Deed of Trust states as follows,

> 9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . . . or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . Lender's actions can include, but are not limited to (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument . . . .
>
> Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

---

[13] *See Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 n. 17 (5th Cir. 1997).
[14] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)).
[15] *Virginia McC v. Corrigan-Camden Indep. Sch. Dist.*, 909 F. Supp. 1023, 1032 (quoting *Hensley v. Echkerhart*, 461 U.S. 424, 436 (1983)).
[16] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

The Fifth Circuit has held that identical language in similar circumstances makes the recovery of attorney's fees by Defendant "costs of collection or costs incurred to protect the bank's interest in the mortgaged property and its rights under the security agreement,"[17] which may be sought by a motion filed under Rule 54.

**A. Lodestar calculation**

The lodestar is determined by multiplying the prevailing market rate for attorneys by the number of hours reasonably expended on the case. Defendant has asked the court to award it a total of $13,531.80 in fees for sixty-six hours' worth of attorney and paralegal work, and $192.60 in expenses and costs for a total of $13,724.40.

First, the court determines the reasonable hourly rate. The average hourly rate for the amount Defendant seeks is $205.03. The court finds that this hourly rate is reasonable based on the testimony provided in the Affidavit of Robert Mowrey (Dkt. 17-4). Next, the court determines the reasonable hours spent on this litigation. Sixty-six hours is a reasonable amount of time spent litigating this matter.

However, the court deducts from the award the following entries:

- Entry by SES on 3/11/13 1.00 hours; $180.00
- Entry by SES on 3/14/13 0.40 hours; $72.00
- Entry by SES on 3/15/13 0.20 hours; $36.00
- Entry by SES on 3/19/13 0.30 hours; $54.00
- Entry by MDC on 3/25/13 0.10 hours; $20.00
- Entry by JLS on 4/6/14 for 0.10 hours; $34.00
- Entry by MDC on 4/6/13 for 0.40 hours; $80.00
- Entry by PNR on 4/8/13 for 0.20 hours; $36.00
- Entry by PNR on 4/15/13 for 0.10 hours; $18.00
- Entry by MDC on 5/2/13 for 0.20 hours; $40.00
- Entry by PNR on 7/8/13 for 0.10 hours; $18.00
- Entry by SES on 8/4/13 for 1.50 hours; $270.00
- Entry by PNR on 10/24/13 for 0.10 hours; $18.00
- Entry by MDC on 12/19/13 for 0.10 hours; $20.00

---

[17] *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1038 (5th Cir. 2014).

Total: $896.00

These entries appear to be tasks that are purely clerical in nature, such as calendaring deadlines. These costs should not be borne by Plaintiff at an attorney or paralegal rate. Therefore, the court determines the lodestar to be $12,635.80. The court also awards the requested $192.60 in fees.

### B. Adjustments to the Lodestar under *Johnson*

The court does not find that any adjustments to the lodestar are required under the *Johnson* factors.

### IV. CONCLUSION

Defendant's Motion for Attorney's Fees (Dkt. 17) is **GRANTED.** Defendant is awarded **$12,828.40** in attorney's fees and costs.

IT IS SO ORDERED.

**SIGNED this the 30th day of September, 2015.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE